UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

MARCELINO AGUILAR REYES,

        Petitioner,

v.

    Case No. 1:25-cv-1416

    Hon. Hala Y. Jarbou

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

## ORDER

Petitioner initiated this action on November 11, 2025, by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) When Petitioner filed his petition, he was detained by the United States Immigration and Customs Enforcement (ICE) at the North Lake Processing Center in Baldwin, Lake County, Michigan. In an order entered on November 13, 2025, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (ECF No. 3.) On November 18, 2025, before Respondents filed their response, Petitioner filed a "notice of mootness and motion to dismiss without prejudice." (ECF No. 4.)

In the motion, counsel for Petitioner represents that "Respondents granted Petitioner parole" and released him from ICE custody on November 17, 2025. (*Id.*, PageID.19.) Petitioner states that because he received the relief he sought in his § 2241 petition, the § 2241 petition is now moot. (*See id.*, PageID.19–20.) As a result, Petitioner asks that the Court dismiss this action without prejudice. (*Id.*, PageID.21.) Petitioner also asks the Court to "[i]ssue a limiting order

barring Respondents from re-detaining Petitioner during the pendency of his immigration proceedings absent a substantial change in circumstances." (*Id.*)

The Court will dismiss Petitioner's § 2241 petition without prejudice as moot; however, the Court declines to enter the limiting order sought by Petitioner. In Petitioner's § 2241 petition, he challenged his detention by ICE without a bond hearing, and he requested that the Court issue a writ of habeas corpus ordering Respondents to provide him with a bond hearing or release him from custody. (*See* Pet., ECF No. 1.) As Petitioner notes in his motion, he received the relief that he requested in his § 2241 petition because "Respondents granted Petitioner parole" and released him from custody. (ECF No. 4, PageID.19.) Therefore, Petitioner is no longer in custody, and any potential, future detention is not a proper subject for the present § 2241 action. *See* 28 U.S.C. § 2241(c) ("The writ of habeas corpus shall not extend to a [detainee] unless— . . . [h]e is *in custody* in violation of the Constitution or laws or treaties of the United States." (emphasis added)).

Accordingly, for the reasons set forth above,

**IT IS ORDERED** that Petitioner's "notice of mootness and motion to dismiss without prejudice" (ECF No. 4) is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** to the extent that Petitioner's § 2241 petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. The motion is **DENIED** to the extent Petitioner requests a limiting order barring Respondents from re-detaining Petitioner in the future. The Court will issue a judgment dismissing the action without prejudice.

Dated: November 20, 2025            /s/ Hala Y. Jarbou
                                                             HALA Y. JARBOU
                                                             CHIEF UNITED STATES DISTRICT JUDGE